NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0793-13T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DONNA JONES,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

June 23, 2015

APPELLATE DIVISION

Submitted April 1, 2014 - Decided July 29, 2014
Remanded by Supreme Court May 12, 2015
Resubmitted May 12, 2015 - Decided June 23, 2015

Before Judges Fisher, Espinosa and Koblitz.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Indictment No.
12-06-1643.

Warren W. Faulk, Camden County Prosecutor,
attorney for appellant (Linda A. Shashoua,
Assistant Prosecutor, of counsel and on the
brief).

Law Office of Michael W. Kahn, P.C., and
Brenner Brenner & Spiller, attorneys for
respondent (Michael W. Kahn and Fletcher C.
Duddy, on the brief).

The opinion of the court was delivered by

ESPINOSA, J.A.D.

In Missouri v. McNeely, ___ U.S. ___, 133 S. Ct. 1552, 185

L. Ed. 2d 696 (2013), the United States Supreme Court considered

whether "the natural metabolization of alcohol in the bloodstream presents a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases." Id. at ___, 133 S. Ct. at 1556, 185 L. Ed. 2d at 702 (emphasis added). Concluding that fact alone did not present a "per se exigency," the Supreme Court held, "consistent with general Fourth Amendment principles, that exigency in this context must be determined case by case based on the totality of the circumstances." Ibid.

In this case, we granted leave to the State to appeal from an order that suppressed the results obtained from a blood sample taken from a drunk driving suspect without a warrant. The facts of the case are set forth in our opinion. State v. Jones, 437 N.J. Super. 68 (App. Div. 2014).

At the time of our decision, our Supreme Court had not yet determined whether the rule announced in McNeely would be enforced retroactively in New Jersey. Although another panel of this court had determined that McNeely should not be applied retroactively, State v. Adkins, 433 N.J. Super. 479, 484-85 (App. Div. 2013), rev'd and remanded, ___ N.J. ___ (2015), we found it unnecessary for us to determine the retroactivity issue. Jones, supra, 437 N.J. Super. at 77-78. We reviewed the United States Supreme Court's analysis in McNeely and discussion of its holding in

2

Schmerber v. California, 384 U.S. 757, 771-72, 86 S. Ct. 1826, 1836, 16 L. Ed. 2d 908, 920 (1966) and concluded "the application of McNeely to the facts of this case" did not warrant the suppression of the blood test results. Jones, supra, 437 N.J. Super. at 75-78.

We found McNeely's discussion of the proper weight to be given to dissipation of alcohol instructive.

> [T]he Supreme Court accepted as "true" the immutable fact that the alcohol level in one's bloodstream begins to dissipate from the time "the alcohol is fully absorbed and continues to decline until the alcohol is eliminated." Id. at ___, 133 S. Ct. at 1560, 185 L. Ed. 2d at 706. It is through this lens that the Supreme Court assessed the totality of the circumstances.
>
> . . . The Court emphasized this point stating,
>
>> This fact was essential to our holding in Schmerber, as we recognized that, under the circumstances, further delay in order to secure a warrant after the time spent investigating the scene of the accident and transporting the injured suspect to the hospital to receive treatment would have threatened the destruction of evidence. [Id. at ___, 133 S. Ct. at 1561, 185 L. Ed. 2d at 707 (emphasis added).]
>
> [Id. at 78-79.]

We further reviewed McNeely's description of

> the special facts considered in the Schmerber Court's analysis which, the [McNeely] Court

3

agreed, were sufficient to support a warrantless blood test:

> [T]he petitioner had suffered injuries in an automobile accident and was taken to the hospital. While he was there receiving treatment, a police officer arrested the petitioner for driving while under the influence of alcohol and ordered a blood test over his objection. . . . [W]e concluded that the warrantless blood test "in the present case" was nonetheless permissible because the officer "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence.'"

> In support of that conclusion, we observed that evidence could have been lost because "the percentage of alcohol in the blood begins to diminish shortly after drinking stops, as the body functions to eliminate it from the system." We added that "[p]articularly in a case such as this, where time had to be taken to bring the accused to a hospital and to investigate the scene of the accident, there was no time to seek out a magistrate and secure a warrant." "Given these special facts," we found that it was appropriate for the police to act without a warrant.

> [Id. at 80 (quoting McNeely, supra, ___ U.S. at ___, 133 S. Ct. at 1559-60, 185 L. Ed. 2d at 705-06) (internal citations omitted).]

4

A-000793-13T1

We described the "salient points" to be applied to our analysis:

> [T]he dissipation of blood alcohol continues to be an "essential" factor in analyzing the totality of the circumstances; that time spent investigating an accident and transporting an injured suspect to the hospital causes delay; that obtaining a warrant will result in further delay; and that such additional delay will "threaten" the destruction of evidence. The Supreme Court did not require the State to show that the "further delay" would substantially impair the probative value of a blood sample drawn after a warrant was obtained or that it was impossible to obtain a warrant before the evidence was dissipated. In short, the Court did not require proof that evidence would be destroyed; it was sufficient to show that delays "threatened" its destruction.
>
> [Id. at 79.]

We concluded:

> [T]he "special facts" that supported a warrantless blood sample in Schmerber and were absent in McNeely, were present in this case: an accident, injuries requiring hospitalization, and an hours-long police investigation. Therefore, it was not necessary for the officers to shoulder the further delay entailed in securing a warrant that would have threatened the destruction of the blood alcohol evidence. Defendant's suppression motion should have been denied.
>
> [Id. at 81.]

Thereafter, our Supreme Court reversed the Appellate Division decision in Adkins, supra, and held that the McNeely totality of the circumstances analysis would be given pipeline retroactivity

5

to all blood draws from suspected drunk drivers.  <u>State v. Adkins</u>,

___ <u>N.J.</u> ___, ___ (2015) (slip. op. at 26).  The Court held

further:

> [L]aw enforcement should be permitted on remand in these pipeline cases to present to the court their basis for believing that exigency was present in the facts surrounding the evidence's potential dissipation and police response under the circumstances to the events involved in the arrest.  Further, the exigency in these circumstances should be assessed in a manner that permits the court to ascribe substantial weight to the perceived dissipation that an officer reasonably faced.  Reasonableness of officers must be assessed in light of the existence of the <u>McNeely</u> opinion.  But, in reexamining pipeline cases when police may have believed that they did not have to evaluate whether a warrant could be obtained, based on prior guidance from our Court that did not dwell on such an obligation, we direct reviewing courts to focus on the objective exigency of the circumstances that the officer faced in the situation.
>
> [<u>Id.</u> at 32.]

In the interim, defendant filed a motion in the Supreme Court for leave to appeal from our decision as within time.  Following its decision in <u>Adkins</u>, the Court summarily remanded this appeal to us for reconsideration in light of <u>Adkins</u>.

We have reviewed the facts of this case in light of <u>Adkins</u> to determine whether the situation faced by the officer presented an "objective exigency."  As we noted in our earlier opinion, this was not a routine motor vehicle stop.  The exigency of the

6

circumstances did not depend solely upon the fact that alcohol dissipates in the blood. Defendant drove her vehicle into a car stopped at a traffic light, propelling it into a third car in front of it at approximately 7:00 p.m. at a busy intersection. Jones, supra, 437 N.J. Super. at 71. Eleven police officers, at least two Emergency Medical Service (EMS) vehicles and four EMS personnel, two fire trucks and an unknown number of firefighters responded to the accident scene. Ibid. Defendant was in her vehicle unconscious and bleeding. Ibid. It took approximately one-half hour to extricate her from her heavily damaged car. Ibid. Both defendant and an occupant from one of the other vehicles, who was injured in the accident, were taken to the hospital for treatment. Id. at 72. Defendant did not regain consciousness until she was at the hospital. Ibid. The investigation at the accident scene took several hours. Ibid. The damage caused to a nearby building struck by defendant after hitting the vehicle raised a concern that the building might collapse. Id. at 71. The blood sample from defendant was drawn by a nurse approximately one hour and fifteen minutes after police responded to the accident scene and, upon testing, had a blood alcohol content of 0.345. Id. at 72.

Viewing the circumstances here objectively, we are satisfied the officer "might reasonably have believed that he was confronted

7

with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence[.]'" Schmerber, supra, 384 U.S. at 770, 86 S. Ct. at 1835, 16 L. Ed. 2d at 919-20 (citation omitted). Under the totality of the circumstances analysis required by Adkins, we find no reason to disturb our prior decision reversing the order that suppressed the results of the blood sample analysis.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-000793-13T1