**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4095-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOSHUA D. MALMGREN,

      Defendant-Appellant.

_____

Submitted June 17, 2020 – Decided July 21, 2020

Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 12-11-0748.

Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen Anderson Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an April 20, 2018 order based on an oral decision placed on the record two months earlier finding a sufficient exigency existed to justify testing defendant's blood without a search warrant after a fatal automobile accident in which defendant drove into two young girls who were walking by the side of the road.  We affirm substantially for the reasons placed on the record by the trial court.  We also determine defendant's sentence was not excessive.

The April 20 order was issued after a plenary hearing necessitated by our unpublished opinion, State v. Malmgren, No. A-3119-14 (App. Div. Dec. 15, 2016).  We stated there:

> Defendant Joshua D. Malmgren pled guilty to two counts of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), admitting that he killed two teenaged girls when he swerved onto the shoulder of the road while driving under the influence of alcohol and prescription drugs.  He also admitted to using his cell phone and being distracted by a large sign by the side of the road.  At the time, defendant had his broken left arm in a cast.  The judge sentenced defendant to the maximum aggregate sentence permissible under the plea agreement: eighteen years with an eighty-five percent parole disqualifier subject to the No Early Release Act [(NERA)], N.J.S.A. 2C:43-7.2.  Prior to pleading guilty, defendant moved to suppress the results of his blood alcohol test.  This issue was preserved on appeal pursuant to Rule 3:5-7(d).  Because the issue was decided prior to our Supreme Court's decision in State v. Adkins, 221 N.J. 300 (2015), we

now remand for further review to determine whether sufficient exigency existed to draw defendant's blood absent a warrant.

[Id. at 1-2.]

The holding in Adkins necessitated a remand, as we explained in our opinion:

> After defendant's motion to suppress was heard, our Supreme Court decided Adkins, 221 N.J. at 317, which applied [t]he United States Supreme Court decision in Missouri v. McNeely, [569 U.S. 141] (2013), retroactively to all cases in the pipeline. This is one such case. McNeely determined that before blood can be constitutionally drawn from a suspect in a drunk-driving investigation a warrant must be obtained, unless an exigency existed under the totality of the circumstances. Id. at [164-65].
>
> [Malmgren, slip op. at 4.]

Two officers, whom the court found credible, testified at the hearing. The accident occurred on July 31, 2012 at approximately 9 p.m. and every working officer from the small police department in Middle Township responded to the scene. The scene was described as "very chaotic," with the victims lying along the roadway, substantial debris stretched along the highway, and family members of the two young victims, who had rushed to the scene. The police were involved in preserving evidence from the scene, where the road was closed to traffic for four hours. An officer found defendant by the side of the road and

3

observed that he smelled of alcohol and had bloodshot eyes. Defendant was asked to perform sobriety tests, which he failed. The officer was also concerned about defendant's medical condition as he had a sore right fist.[1] The officer transported defendant to a local hospital, and forty-one minutes after he arrived at the hospital, a blood draw was conducted at 10:30 p.m. An analysis revealed that defendant's blood alcohol concentration was .183 percent and he had ingested prescription drugs for anxiety and pain caused by his previously broken arm. The officers testified that in their experience it would have taken hours to obtain a telephonic or written warrant, and by that time the alcohol in defendant's system would have dissipated. The officer who transported defendant to the hospital was not trained in administering an Alcotest.

Defendant raises the following issues on appeal:

> POINT I: THE STATE FAILED TO MEET ITS BURDEN OF ESTABLISHING A COMPELLING EXIGENCY OR EMERGENCY SUFFICIENT TO JUSTIFY DEPARTURE FROM THE CONSTITUTIONALLY MANDATED RULE REQUIRING LAW ENFORCEMENT OFFICERS TO OBTAIN A SEARCH WARRANT; THE TRIAL COURT'S CONCLUSION TO THE CONTRARY WAS ERRONEOUS AND IN VIOLATION OF CONSTITUTIONAL REQUIREMENTS.

---

[1] Defendant had a broken right hand, which he said stemmed from hitting his car after the accident.

A-4095-17T4

POINT II: MALMGREN'S SENTENCE WAS EXCESSIVE.

We defer to both credibility and factual findings of the trial court unless they are unsupported by the record. State v. Elders, 197 N.J. 224, 244 (2007). The trial court found both officers credible and that the large and chaotic accident scene coupled with concern over defendant's medical situation and the difficulty in obtaining a warrant expeditiously constituted an emergent situation allowing a blood draw. See State v Jones, 441 N.J. Super. 317, 321 (App. Div. 2015) (where we approved a blood draw without a warrant after McNeely under similar circumstances). We agree that the blood draw was permissible under these circumstances.

Defendant argues that his sentence was manifestly excessive. He was sentenced in December 2014, after pleading guilty to two counts of first-degree aggravated manslaughter, with the understanding that he would be sentenced in the second-degree range to no more than eighteen years in prison pursuant to NERA. The court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3), the risk that he would reoffend because defendant was still using alcohol, and nine, N.J.S.A. 2C:44-1(a)(9), the need for deterrence, as well as mitigating factors seven, N.J.S.A. 2C:44-1(b)(7), that he had no prior criminal record, and eleven,

2C:44-1(b)(11), that his incarceration would entail a hardship to his family due to defendant's seriously disabled young son.

Our Supreme Court described our function in reviewing sentences:

> Appellate courts review sentencing determinations in accordance with a deferential standard. The reviewing court must not substitute its judgment for that of the sentencing court. The appellate court must affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v Fuentes 217 N.J. 57, 70-74 (2014) (citation omitted) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

A sentence imposed pursuant to a plea agreement is presumed to be reasonable because a defendant voluntarily waived his right to a trial in return for the reduction or dismissal of certain charges, recommendations as to sentence and the like. See Roth, 95 N.J. at 365.

Defendant argues that the court did not weigh the mitigating factors sufficiently and put too much weight on the aggravating factors. Defendant took the lives of two young girls and could have received forty years in prison for

6

two first-degree crimes. While the sentence was undoubtedly severe, especially for a first offender, it does not shock the judicial conscious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4095-17T4